UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 96-80125

Honorable John Corbett O'Meara

v.

HAMOOD ABDULLAH,

       Defendant.
                                                   /

**ORDER DENYING DEFENDANT'S JANUARY 10, 2012
MOTION TO APPORTION RESTITUTION**

This matter came before the court on defendant Hamood Abdullah's January 10, 2012 Motion to Apportion Restitution. The government filed a response January 25, 2012. No reply was filed, and no oral argument was heard.

On July 31, 1997, Judge Horace Gilmore sentenced defendant Hamood Abdullah for his role in a cigarette tax conspiracy. Defendant was ordered to serve a 21-month period of incarceration, followed by two years of supervised release. Defendant, along with two co-defendants, was also ordered to pay, jointly and severally, $82,125.00 in restitution to the State of Michigan Department of Treasury. The restitution debt does not accrue interest. The government claims $53,505.74 has been paid, and defendant Abdullah claims he has paid $46,548.74 of that amount. Abdullah seeks an order from this court bifurcating and apportioning the remaining restitution among all co-defendants to relieve his burden of payment and to ensure fairness among the parties.

The court, however, lacks jurisdiction to modify the terms of Abdullah's sentence. He was sentenced nearly 15 years ago, and the time for filing an appeal or for filing a motion to correct his sentence has long passed. Once restitution has been ordered and the time for filing a direct appeal

has expired, the only option available to a defendant seeking a modification of his payment schedule lies in 18 U.S.C. § 3664(k). The statute provides that a defendant shall notify the court of any "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." Id. The court may modify a restitution order and "adjust the payment schedule, or require payment in full, as the interests of justice require." Id. However, there is no provision in the statute that allows the court to relieve defendant Abdullah of his obligation to fully reimburse his victim, which in this case is the State of Michigan. See, United States v. Baird, 2009 US Dist LEXIS 117848 (E.D. Tenn. Jan. 27, 2009).

Moreover, Abdullah cannot allege that there has been a material change in his economic circumstances so that he can no longer make payments on his restitution debt. In fact, according to evidence provided at his January 9, 2012 deposition regarding his personal financial situation, Abdullah's economic circumstances have materially *improved* since the date of his sentencing. As a result, the government seeks to change his payment schedule to *increase* his monthly payments. At this time, however, the court will not order an increase.

## ORDER

It is hereby **ORDERED** that defendant Hamood Abdullah's January 10, 2012 Motion to Apportion Restitution is **DENIED.**

                                             s/John Corbett O'Meara
                                             United States District Judge

Date: March 7, 2012

      I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 7, 2012, using the ECF system.

                                                           s/William Barkholz
                                                         Case Manager